Pearson, C. J.
 

 The evidence establishes the execution of' the deed by William Baird, the testator of the defendants, to the plaintiff, Thomas Jones, beaming date of the 26th of June,’ 1830, and by ;the force and effect :of that.deed the plaintiffs are entitled toJhe slaves in.,controversy., A ' L A;
 

 
 *171
 
 , .The fact 'that William Baird, after the' marriage, paid ‘a’ .large amount of money in satisfaction of a-debt of the father of the plaintiff, Lucy Ann, for which she was liable, did not justify the failure of the said William to have the deed registered as be had undertaken to do, and does not furnish to the defendants, his executors, any ground upon which they can resist the claim of the plaintiffs. If the existence of that debt had been concealed from the testator, the case would have presented a different aspect. It was, however, not only made known to him, but by the deed of marriage settlement, under which he was entitled to the profits of the land and other property during eoveture, and all of which he enjoyed during his life-time, it is expressly stipulated that the portion of the debt for which the plaintiff, Lucy Ann, was liable, should be paid out of the crops made on the plantation, and he took the use thereof subject fo that charge.
 

 The statute of limitations and the lapse of time cannot avail the defendants, whether the deed of the 26th of June, 1830, be treated as an executed conveyance by which the title passed, or as evidence of an executory agreement by which the one slave and her child were to be substituted for the other. If the title passed, then the plaintiff, Jones, held the slaves for the use of Baird during his life, and he was, by the provisions of the deed, entitled to the possession; so it was not adverse, and the statute has no application. If it was an executory agreement, being by deed, it does not fall under the provisions of the statute, and no presumption of a release or abandonment of the claim can arise from the lapse of time, becausethe covenant vras not broken and Jones had no cause of action at law until a performance was demanded and refused ; and. in equity under the maxim- that “.that is considered as done which ought to be done,” the possession of Baird was “ congeable,” and there- being no conflict, there was nothing to induce a presumption inconsistent with tlie-respective rights-of tliei parties'. iff other woi'ds,1 ■ where, the- "possession, off "tile par-' ties.is not adversary, toerédñactioffor a'failufé fobreqúire tíie' formal execution of a muniment of title' in pursuance off aim-
 
 *172
 
 agreement, will give rise to no other presumption than that of the fact that they were acting under the agreement as if it was executed.
 

 The Court met with more serious difficulty in this question: If the deed of the 26th of June, 1830, passed the title, then Jones ought to have had it registered, and the plaintiffs have no standing in equity; for, although Mrs. Baird, being a
 
 cestui qui
 
 trust, could maintain a bill against her trustee and the present defendants upon an averment that he refused to bring an action at law by collusion with them, yet such is not the fact in our case.
 

 We are satisfied, however, that this deed did not pass the title because it was inoperative as a bill of sale having no attesting witness according to the provisions of the statute. Eev. Stat. chap. 37, sec. 19.: “All sales of Slaves shall be in wilting, attested by at least one credible witness, or otherwise shall not be deemed valid.”
 

 It is held in some of the old cases, that the act of 1784, as to sales, and the act of 1806, as to gifts of slaves, apply only in favor of creditors and purchasers, being intended merely to prevent/rowi, and that as between the parties, sales and gifts of slaves are valid at common law. The correctness of these decisions has always been questioned, and it was thought the statutes were intended to prevent
 
 perjury,
 
 as well as fraud. In respect to the act of 1806, one of its provisions makes valid a parol gift by a parent to a child, if the parent dies intestate. This branch of the statute, by its very terms, applies
 
 inter partes,
 
 and accordingly it has been held, in many cases, that such a parol gift is not valid as well between the parties as in favor of creditors and purchasers, unless it stands unrevoked until the contingency happens. In respect to the act of 1784; the act of 1819, Eev. Stat. ch. 50, sec. 8, requires all
 
 contracts to sell
 
 slams, to be in writing. This, of course, applies
 
 inter partes,
 
 and is intended to prevent perjury as well as fraud, and was a Legislative construction of the act of 1784; for manifestly, the same ceremony should be required in regard to a
 
 sale,
 
 as was deemed necessary in regard to an
 
 agree
 
 
 *173
 
 menttosell, there being the like danger of perjury, a,nd the provision, in respect to sales, “ which are
 
 -accompanied
 
 ydth the
 
 actual
 
 delivery of the slave to the purchaser,” did not weaken the inference ; for, if the statute only applied in favor of creditors and purchasers, and left a parol sale good between the parties, at common law, the title would pass without delivery, and so, although perjury was guarded against, in-.a. contract to sell, yet the door was left wide open for it in. the case of a sale, and it was only necessary to procure-witnesses to swear that the parties sold, and did not simply contract to sell. We will not enter further into the question, because it is settled by the case of
 
 Tooley v.
 
 Lucas, 3 Jones’ Rep. 146.
 

 As the deed, on the 26th of April, 1830, did not pass the title for the want of the ceremony of an attesting,witness, its due execution having, been established, and it appearing- thereby that, for a valuable consideration, the testator of the defendants had agreed to convey the woman, and: child, named in the pleadings, in the place of the one- whom he had been permitted to sell, and the price of whom, he had applied to his own use, the plaintiffs have-a. clear equity now to call for the execution of a formal, conveyance, upon two grounds: if the parties intended, by the deed, to pass the title, as is to be inferred from its terms, and the intention failed to take effect,, by the omission, of a mere formal act, equity, there being, a valuable consideration, will require the conveyance to be perfected ; as a surrender is supplied in the conveyance of a copy-hold estatej or the informal execution of a power of appointment is aided ; and if the legal effect of the deed is merely to furnish evidence of an, agreement to convey, as a note or memorandum thereof, in. writing, signed by the party, equity will enforce a specific performance.
 

 .Per. Curiam, Decree for plaintiffs..